Kunkle, J.
This is an action in which plaintiff in error, John E. Goehring, the beneficiary named in a certain fraternal insurance policy issued on the life of his son Clarence A. Goehring, seeks to recover from defendant in error the value of such policy.
It appears from the record that defendant in error tendered plaintiff in error the amount paid as premiums under the policy. The trial court instructed the jury to return a verdict in favor of defendant in error.
Such ruling was made by the trial court upon the ground that suit being brought upon a fraternal insurance policy any untrue statements made by the applicant would vitiate the policy, whether such untrue statements were made intentionally or by mistake.
*196 The trial court found that the undisputed testimony showed that Clarence A. Goehring, the insured, in his application for such insurance, stated that his mother had died of typhoid fever, whereas she died from tuberculosis; that said Clarence A. Goehring stated in his application for insurance that he had no brothers, whereas he had two brothers; that said Clarence A. Goehring stated in his application for insurance that none of the members of his family had died from consumption, whereas three of them, viz., his mother and two brothers, had died from tuberculosis.
It is claimed by counsel for plaintiff in error that this case should have been submitted to the jury, as there was at least a scintilla of evidence to support the claim of plaintiff in error.
We have carefully read the record in this case and are of opinion that the evidence fully warranted the findings of fact contained in the decision of the trial court, and if these findings are supported by the undisputed evidence then the court was justified in instructing a verdict, unless Section 9391, General Code, applies to fraternal insurance.
Upon a careful consideration of this section of the Code and the Ohio authorities, we are of opinion that the section does not apply to a fraternal insurance policy such as was sued upon in this case. See Grand Lodge A. O. U. W. v. Bunkers, 3 C. C., N. S., 256, and Sovereign Camp of Woodmen of the World v. Gallagher, 1 Ohio App., 368.
*197 Under the policy here in question the representations of the applicant were made warranties. The policy contains the following r rovisions:
“This certificate is issued because of an application for membership and medical examination furnished by the member in writing, signed by him, and warranted to be absolutely true in every particular as written, which application, medical examination, laws of the Association in force at maturity of contract, and this certificate, constitute the contract between the member and the Association.”
The laws of defendant in error (page 76 of Exhibit “R”, Section 380) provide:
“No benefit shall be paid on account of the death or disability of a member who has given untrue answers in his application for membership, provided, however, that a member who, in his application for membership, understated his age, in good faith and without any intention to deceive, shall not thereby forfeit his certificate, if he was under the age limit at the time of his admission. If he was above the limit of age at the time of his admission his membership ¿hall be void from the beginning.”
The case of Insurance Co. v. Pyle, 44 Ohio St., 19, established the rule in Ohio as to a life insurance policy, prior to the enactment of Section 9391, General Code.
We are of the opinion that Section 9391, General Code, does not apply to fraternal insurance, and that under the undisputed testimony the trial court was justified in instructing a verdict.
In view of the final decision of the trial court, we do not think its ruling in reference to the open *198 ing and closing of the case would constitute prejudicial error.
Finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

Judgment affirmed.

Allread and Ferneding, JJ., concur.